UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| AKHILESH R. VANGALA; I.S.A.; and KENNY M. CASTANEDA PENATE, on behalf of themselves and all others similarly situated, | Case No. 20-cv-08143-HSG |
| Plaintiffs, | |
| v. | SETTLEMENT AGREEMENT |
| U.S. CITIZENSHIP AND IMMIGRATION SERVICES and U.S. DEPARTMENT OF HOMELAND SECURITY, | |
| Defendants. | |

**SETTLEMENT AGREEMENT**

This Settlement Agreement is entered into by and between Akhilesh R. Vangala, I.S.A., and

Kenny M. Castaneda Penate ("Plaintiffs"), and United States Citizenship and Immigration Services

("USCIS") and Department of Homeland Security ("DHS") (collectively "Defendants").  Plaintiffs

and Defendants are referred to collectively herein as the "Parties."  Out of a mutual desire to resolve

all of the claims in the above-captioned case (the "Action") without need for further litigation and

without admission of any liability, the Parties hereby stipulate and agree as follows:

**I.      RECITALS**

WHEREAS:

1.  On November 19, 2020, Plaintiffs filed this putative class action alleging that USCIS, a
    component of DHS, implemented policies of rejecting immigration benefit requests if any
    field on certain multi-page applications was left blank (hereinafter "No Blank Space

1

Rejection Policy"); and that the process by which USCIS adopted the No Blank Space Rejection Policy and implemented it violated the Administrative Procedure Act ("APA");

2. Plaintiffs are three noncitizens who each had a benefit request rejected pursuant to the No Blank Space Rejection Policy. Plaintiffs brought this action on behalf of themselves and sought to certify a class of all individuals who had submitted benefit requests, or would submit benefit requests, that had been or would be rejected by USCIS pursuant to the No Blank Space Rejection Policy;

3. Although Plaintiffs' Complaint was filed as a putative class action and Plaintiffs filed a motion for class certification on November 19, 2020, briefing has not been completed and no class has been certified;

4. Shortly after the lawsuit was filed, the Parties agreed to discuss settlement and, while such discussions were ongoing, Defendant USCIS agreed to and did halt the No Blank Space Rejection Policy on December 22, 2020, and Plaintiffs agreed to postpone filing a motion for preliminary injunctive relief;

5. Defendants have identified 43,501 submissions of USCIS Form I-589, Application for Asylum and for Withholding of Removal, and 17,000 submissions of USCIS Form I-918, Petition for U Nonimmigrant Status, that may have been rejected pursuant to the No Blank Space Rejection Policy between October 7, 2019, the date the No Blank Space Rejection Policy was implemented, and December 22, 2020;

6. There may be additional benefit requests that were rejected pursuant to the No Blank Space Rejection Policy during such period, which Defendants have not been able to identify;

7. The Parties wish to resolve the disputes that are the subject of the Action without the expense and drain on resources that may be associated with protracted litigation.

## II.     TERMS OF THE SETTLEMENT AGREEMENT

NOW THEREFORE, in consideration of the mutual promises set forth herein, the receipt and sufficiency of which are hereby acknowledged, and subject to approval of the Court, the Parties agree as follows:

### A. Definitions

For purposes of this Settlement Agreement, the following terms shall be defined as:

1. **Action:** The term "Action" means the lawsuit *Vangala, et al. v. USCIS, et al.*, No. 4:20-cv-8143-HSG (N.D. Cal.).

2

2. **Applicant:** The term "Applicant" shall encompass applicants, co-applicants, and petitioners, as well as the derivative beneficiaries, of any benefit request that was subject to the No Blank Space Rejection Policy.

3. **Benefit Request**: The term "Benefit Request" as used herein shall encompass both the Form I-589, Application for Asylum and for Withholding of Removal, and Form I-918, Petition for U Nonimmigrant Status, as well as supporting evidence provided, supplements, or addendums.

4. **No Blank Space Rejection Policy**: The term "No Blank Space Rejection Policy" shall mean USCIS's policy or policies that required its personnel to reject any Form I-589 or Form I-918 application or petition if any response field to a question on such benefit request was left blank. Beginning on October 7, 2019, USCIS applied the No Blank Space Rejection Policy to Form I-589 (Applications for Asylum and for Withholding of Removal), and on December 30, 2019, to Form I-918 (Petition for U Nonimmigrant Status) and Form I-918, Supplement A (Petition for Qualifying Family Member of U-1 Recipient).

5. **Effective Date**: The term "Effective Date" means the date this Agreement receives final approval by the Court.

6. **Regular Rejection Policy**: The term "Regular Rejection Policy" shall mean a USCIS rejection policy that does not include a No Blank Space Rejection Policy. For Form I-918, the Regular Rejection Policy refers to the rejection policy that existed prior to the adoption of the No Blank Space Rejection Policy on December 30, 2019. For Form I-589, the Regular Rejection Policy refers to the nationwide rejection policy that was first implemented on December 23, 2020, and later refined to eliminate the No Blank Space Rejection Policy.

7. **Original Receipt Date:** The term "Original Receipt Date" shall mean the date on which USCIS received a benefit request that was then rejected pursuant to the No Blank Space Rejection Policy.

**B. The individuals covered by the Settlement Agreement are:**

1. All individuals who submitted one or more of the following with USCIS:

   a. A Form I-589, Application for Asylum and for Withholding of Removal;

   b. A Form I-918, Petition for U Nonimmigrant Status; or

   c. A Form I-918, Supplement A, Petition for Qualifying Family Member of U-1 Recipient (hereinafter "I-918A");

3

AND

2.  For whom USCIS rejected a benefit request described in Section II.B.1.:

    a.  Timing:

        i.  For Form I-589, between October 7, 2019 and December 22, 2020, inclusive; or

        ii. For Forms I-918 and I-918A, between December 30, 2019 and December 22, 2020, inclusive; and

    b.  The rejection was pursuant to the No Blank Space Rejection Policy.

3.  Additionally, while the No Blank Space Rejection Policy only applied to the forms in Section II.B.1., a.-c., ancillary or accompanying forms may also have been rejected, such as Form I-918, Supplement B, U Nonimmigrant Status Certification (hereinafter "I-918B"), Form I-192, Application for Advance Permission to Enter as a Nonimmigrant, or Form I-765, Application for Employment Authorization. Thus, resubmission under the terms of the Settlement Agreement includes the accompanying forms that generally are required to be submitted with the benefit request as provided in the form instructions or applicable regulations.

4.  Furthermore, Applicants described in Section II.B.1. a.-c. who had Benefit Requests rejected after December 22, 2020, based on the rescinded No Blank Space Rejection Policy also are entitled to the benefits of this Settlement Agreement.

**C. Rescission of the No Blank Space Rejection Policy:**

1.  USCIS has rescinded, as of December 23, 2020, the No Blank Space Rejection Policy and practices related to it, and all guidance or standard operating procedures relating to the No Blank Space Rejection Policy that expanded the rejection criteria beyond the Regular Rejection Policy, for Forms I-589, I-918, and I-918A.

2.  Beginning December 23, 2020, USCIS discontinued the use of the No Blank Space Rejection Policy with respect to Forms I-589, I-918, and I-918A.

3.  Beginning on the Effective Date, all Forms I-589, I-918, and I-918A, must be submitted to USCIS and executed in accordance with 8 C.F.R. §§ 103.2, 208, and 214.14, as interpreted and implemented pursuant to the Regular Rejection Policy and the form instructions. USCIS reserves the right to reject any Form I-

4

589, I-918, and I-918A submission that meets the criteria of the Regular Rejection Policy.

4. Consistent with Section II.C.3., USCIS will not apply the No Blank Space Rejection Policy to additional immigration forms, including, but not limited to:

   a. Form I-914, Application for T Nonimmigrant Status;

   b. Form I-360, Petition for Amerasian, Widow(er), or Special Immigrant; and

   c. Form I-751, Petition to Remove Conditions on Residence.

USCIS has removed references on its website to the No Blank Space Rejection Policy criteria and, consistent with Section II.C.3., does not apply the No Blank Space Rejection Policy to other immigration benefit requests.

**D. Named Plaintiffs:**

1. Within 15 business days of the Effective Date of this Settlement Agreement, USCIS will reissue a receipt notice indicating that the "filing date" or "receipt date" is the date on which the initial rejected Form I-589, I-918, or I-918A was received by USCIS for each of the named Plaintiffs.

**E. Rejected forms that have not been resubmitted as of the Effective Date of this Settlement Agreement:**

1. USCIS will permit an applicant who is covered by Section II.B. of this Settlement Agreement and whose Form I-589, I-918, and/or I-918A was rejected due to the No Blank Space Rejection Policy, to resubmit that same benefit request within 365 calendar days, beginning on the Effective Date of this Settlement Agreement.

2. The re-submitted complete benefit requests and documents required by this Settlement Agreement are to be provided to USCIS at the standard filing addresses as provided at the Where to File tab on the USCIS filing address websites for Form I-589 at https://www.uscis.gov/I-589, or Forms I-918 and I-918A at https://www.uscis.gov/I-918, with "ATTN: VANGALA" in the address block.

3. When, within the time period specified in Section II.E.1., an affected applicant resubmits a properly completed Form I-589, I-918, or I-918A that was rejected under the No Blank Space Rejection Policy or superseding rejection policy consistent with Section II C.3. and C.4., USCIS will accept either the form version that was in use at that time or a subsequent version as approved by the Office of Management and Budget (OMB), deem the resubmitted benefit request as submitted properly, and issue a receipt notice dated as of the Original Receipt Date.

5

4.  Accordingly:

    a.  Aged-out applicants:  USCIS will deem any applicant whose resubmitted benefit request is receipted under Section II.E.3., to have his or her age at filing determined by his or her biological age as of the Original Receipt Date, for the purposes of eligibility for themselves or derivative family members.

    b.  USCIS will deem a timely submitted Form I-918B submitted with the original Form I-918 that was rejected pursuant to the No Blank Space Rejection Policy, to be valid at the time of resubmission except in instances where the certifying official withdraws the U nonimmigrant status certification.

    c.  USCIS will recognize the Original Receipt Date of a rejected Form I-589 (as indicated by the date on the reissued receipt notice), as the date of filing for all purposes, including, but not limited to, determinations regarding employment authorization eligibility, the one-year filing deadline for asylum specified under Section 208(a)(2)(B) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1158(a)(2)(B), and any other legal provisions under 8 U.S.C. § 1158 as in effect at the time of the original filing.

    d.  Any filing fees, including those for accompanying requests (such as Forms I-192, Application for Advance Permission to Enter as a Nonimmigrant, or I-765, Application for Employment Authorization), will be the fee that would have been required at the time of the Original Receipt Date.

5.  Any person seeking to have Section II.E. apply to their benefit request must provide one of the following:

A copy of the notice issued by USCIS identifying their benefit request as having been rejected pursuant to the No Blank Space Rejection Policy, or other proof of the original rejected filing, such as a rejection notice or the page of the original benefit request with a USCIS stamp; or

A sworn statement of the applicant, their attorney or accredited representative, or another individual familiar with the circumstances of the original filing; or other evidence such as a delivery confirmation receipt.

**F.  Rejected forms that were resubmitted and receipted as of the Effective Date of this Settlement Agreement:**

1.  For any applicant who is covered by Section II.B. of this Settlement Agreement and whose Form I-589, I-918, and/or I-918A was rejected pursuant to the No Blank Space Rejection Policy and who, prior to the Effective Date, resubmitted the benefit request and received a receipt notice with a date later than the Original Receipt Date,

6

USCIS will reissue a new receipt notice using the Original Receipt Date once the applicant has submitted the necessary documentation. *See* Section II.F.3. The Original Receipt Date will be applied for all purposes, consistent with the treatment provided for in Section II.E.2., E.3., and E.4.

2.   Accordingly:

    a.   USCIS will deem any applicant who has aged out as a result of USCIS's rejection of his or her benefit request pursuant to the No Blank Space Rejection Policy, and whose resubmitted benefit request is receipted under Section II.F.1., to have his or her age at filing determined by his or her biological age as of the Original Receipt Date for the purposes of eligibility.

    b.   USCIS will deem a timely submitted Form I-918B, submitted with the original rejected Form I-918, to be valid at the time of refiling except in instances where the certifying official withdraws the U nonimmigrant status certification.

    c.   USCIS will recognize the Original Receipt Date of a rejected Form I-589 (as indicated by the date on the reissued receipt notice), as the date of filing for all purposes, including, but not limited to, determinations regarding employment authorization eligibility, the one-year filing deadline for asylum specified under 8 U.S.C. § 1158(a)(2)(B), and any other legal provisions under 8 U.S.C. § 1158 as in effect at the time of the original filing.

3.   Any person seeking to benefit from this provision must notify USCIS within 365 calendar days of the Effective Date and must provide:

    a.   The receipt number for the resubmitted benefit request; and

    b.   A copy of the notice issued by USCIS identifying their benefit request as having been rejected pursuant to the No Blank Space Rejection Policy, or other proof of the original rejected filing, such as a rejection notice or the page of the original benefit request with a USCIS stamp; or a sworn statement of the applicant, their attorney or accredited representative, or another individual familiar with the circumstances of the original filing; or other evidence such as a delivery confirmation receipt.

4.   Individuals who resubmitted their benefit request prior to the Effective Date and USCIS accepted the subsequent submission but failed to consider it submitted as of the Original Receipt Date must send their request and supporting documents to:

    a.   Forms I-589:
      USCIS
      ATTN: Vangala Request
      401 W. Peachtree Street NW, Suite 1000

Atlanta, GA 30308

   b.  Forms I-918:  To the appropriate form filing address as provided at the Where to File tab at https://www.uscis.gov/I-918 with "ATTN: VANGALA" in the address block.

**G.  Other general provisions:**

1.  USCIS will review its databases to identify and notify affected applicants individually or through their attorney of record or accredited representative, who may benefit from this Settlement Agreement, including:

   a.  Within 90 calendar days of the Effective Date, USCIS will send a notice to all individuals described by Section II.B., or their attorney of record as specified in its records, who USCIS was able to identify as having had a benefit request rejected pursuant to the No Blank Space Rejection Policy;

   b.  The notice shall specify where such applicants identified by USCIS in Section II.G.1.a. may submit materials to obtain the Original Receipt Date for their benefit requests, as outlined in Section II.E. and F.; and

   c.  Within 30 calendar days of the Effective Date, USCIS will issue a press release announcing the settlement and post a notice of the Settlement Agreement and the requirements for obtaining the Original Receipt Date. USCIS will provide this notice and the requirements for obtaining the Original Receipt Date on the USCIS forms webpage and the specific webpages for Forms I-589 and I-918 for the duration of this Settlement Agreement.

2.  This Settlement Agreement is specific to the No Blank Space Rejection Policy as applied to Forms I-589, I-918, and/or I-918A, in effect from October 7, 2019, to December 22, 2020. USCIS will not agree to limit its ability to implement new rejection regulations, policies, or practices in the U, T, Violence Against Women Act (VAWA), Special Immigrant Juvenile, Conditional Residence, asylum, or any other programs in the future, subject to the provision below in Section II.G.4.

3.  Applicants who believe that their benefit requests were rejected after December 22, 2020, due to the application of the rescinded No Blank Space Rejection Policy, may request relief as provided under this Settlement Agreement by submitting the evidence required with their resubmitted benefit request or with their request for the Original Receipt Date.  If USCIS determines that the original request was properly rejected, USCIS will:

   i.  Intake the request and provide a receipt date as of the date of the resubmission if the rejection reason has been corrected.
   ii.  Reject the request again if the rejection reason has not been corrected.

8

4.   USCIS will not implement a No Blank Spaces Rejection Policy for Forms I-360, I-589, I-751, I-914, I-914A, I-914B, I-918, or I-918A, or any other benefit request for a period of three years from the Effective Date, subject to any changes to rejection criteria that may be required by new statutory or regulatory authorities properly implemented by USCIS and the DHS pursuant to the APA.

## III.    ATTORNEYS' FEES AND COSTS

A.   USCIS agrees to pay attorneys' fees and costs to counsel for Plaintiffs in the amount of $130,000 ("Attorneys' Fee Settlement Amount").

B.   Subject to the foregoing provision, Defendants shall deliver the Attorneys' Fee Settlement Amount to Plaintiffs' Counsel by electronic funds transfer into Plaintiffs' Counsel's designated account. Plaintiffs' Counsel shall provide to Defendants all information necessary to accomplish the electronic funds transfer into that account within five business days of the Effective Date. Plaintiffs and their Counsel acknowledge that payment of the Attorneys' Fee Settlement Amount by Defendants or any of them in accordance with the wire instructions shall resolve all of Defendants' liability for such amount.

C.   Plaintiffs' Counsel is responsible fully for the allocation of and payment of the Attorneys' Fee Settlement Amount among themselves.

D.   Defendants' payment of the Attorneys' Fee Settlement Amount shall satisfy any claims by Plaintiffs' Counsel for attorney fees and costs related to and for the Action, including any fees and costs that may be incurred by Plaintiffs' Counsel in the course of monitoring the implementation of this Agreement. Plaintiffs' Counsel, and their heirs, executors, administrators, representatives, attorneys, predecessors, successors, assigns, agents, affiliates, and partners, and any persons they represent, by operation of any final judgment entered by the Court, fully, finally, and forever release, relinquish, and discharge the Defendants of and from any and all claims for attorney fees and costs related to and for the Action, including any fees and costs that may be incurred in the course of monitoring the implementation of this Agreement.

## IV.    MODIFICATION AND DISPUTE RESOLUTION

Either party may seek to modify the terms of this Settlement Agreement in writing within 180 calendar days of the Effective Date, and after appropriate notification to the Court of any mutually agreed-upon change. If there is a claim of a breach of this Settlement Agreement, the parties shall mutually resolve to address the matter within 90 calendar days of the date of notice of an alleged breach. The Court retains jurisdiction to resolve any disputes over enforcement of the Settlement Agreement that are not resolved between the parties pursuant to this section.

## V.    EFFECTIVE DATE

9

This Settlement Agreement will be effective on the date the Settlement Agreement receives final approval by the Court and shall remain in effect for a period of three (3) years beginning five (5) days after the date of approval. Subject to the modification and dispute resolution procedures in Section IV, the Court retains jurisdiction to resolve any disputes over enforcement of the Settlement Agreement that arise and are presented to the Court during the effective period.

## VI.      RELEASE: SCOPE AND EFFECT OF RELEASE

As of the Effective Date, Plaintiffs, on behalf of themselves, their heirs, executors, administrators, representatives, attorneys, successors, assigns, agents, affiliates, and partners, and any persons they represent, by operation of any final judgment entered by the Court, fully, finally, and forever release, relinquish, and discharge the Defendants of and from any and all of the Settled Claims. The foregoing release includes all claims for injunctive or declaratory relief, whether known or unknown, that could have been brought on behalf of a putative class at any time prior to the Effective Date. This Release shall not apply to claims that arise or accrue after the termination of this Agreement.

## VII.     ADDITIONAL PROVISIONS

A.  This Agreement and the obligations incurred herein, shall be in full and final disposition of the Action with prejudice, including any and all Settled Claims against Defendants. On the Effective Date, Plaintiffs shall be deemed to have fully, finally, and forever released, relinquished, and discharged all Settled Claims.

B.  This Agreement may not be modified or amended, nor any of its provisions be waived, except by a writing signed by all parties hereto or their successors-in-interest.

C.  This Agreement and its exhibits constitute the entire agreement among the parties hereto concerning the Settlement of the Action, and no representations, warranties, or inducements have been made by any party hereto other than those contained and memorialized in such documents.

D.  This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the parties to this Agreement shall exchange among themselves original signed counterparts.

E.  This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

10

F.   All counsel and any other person executing this Agreement and any of the exhibits hereto, or any related settlement documents, warrant and represent that they have the full authority to do so, and that they have the authority to take appropriate action required or permitted to be taken under the Agreement to effectuate its terms.

G.   Plaintiffs' Counsel and Defendants' Counsel agree to cooperate fully with another in seeking Court approval of this Agreement and promptly agree upon and execute all such other documentation as reasonably may be required to obtain final approval by the Court of the Settlement.

## VIII.   SIGNATURES

**For and on behalf of Defendants:**

EXECUTED this __15_ day of _July_, 2021

_____
ELIZABETH D. KURLAN
Assistant United States Attorney
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: 415-436-7298
elizabeth.kurlan@usdoj.gov

*Counsel for Defendants*

**For and on behalf of Plaintiffs:**

EXECUTED this __14th_ day of _July_, 2021

_____
MATT ADAMS
Aaron Korthuis
Margot Adams
Northwest Immigrant Rights Project
615 Second Avenue, Suite 400
Seattle, WA 98104

11

(206) 957-8611

Trina Realmuto
Mary Kenney
Tiffany Lieu
NATIONAL IMMIGRATION
LITIGATION ALLIANCE
10 Griggs Terrace
Brookline, MA 02446
(617) 819-4447

Zachary Nightingale
Helen Beasley
VAN DER HOUT LLP
180 Sutter Street, Suite 500
San Francisco CA 94104
(415) 981-3000

*Counsel for Plaintiffs*

12